# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| LANCER INSURANCE CO., | : |
| Plaintiff, | : |
| v. | : 5:09-CV-302 (CAR) |
| JACK LEWIS HITTS, and WINFIELD KINGMAN BROAD, JR., | : |
| Defendants, | : |
| AMERISURE MUTUAL INSURANCE CO., | : |
| Movant. | : |

## *ORDER ON MOTION TO INTERVENE*

Before the Court is Amerisure Mutual Insurance Company's ("Amerisure") Motion to Intervene as a third-party defendant [Doc 17]. The pending declaratory judgment action will construe the terms of an insurance policy issued by Plaintiff Lancer Insurance Company that is currently the subject of other litigation involving both Amerisure and Plaintiff. Amerisure moves to intervene under Federal Rules of Civil Procedure 24(a) and 24(b). Plaintiff responded without objection to Amerisure's intervention [Doc. 30]. Defendant Winfield Broad, however, objected to the intervention [Doc. 31]. Instead, Defendant proposed consolidating the declaratory judgment action with the underlying litigation pursuant to Federal Rule of Civil Procedure 42(a). The Court finds intervention to be the appropriate remedy at this time. Accordingly, Amerisure's Motion to Intervene is hereby **GRANTED.**

1

**BACKGROUND**

This declaratory judgment action arises out of a personal injury suit also before this Court. See Broad v. Hitts et al, 5:08-cv-366-CAR. Defendant Broad is the plaintiff in that case, which alleges that Jack Hitts caused a collision with Plaintiff at a loading dock in Peach County, Georgia. Both were operating tractor trailer trucks. Broad claims to have suffered injuries as a result of the accident.

Lancer filed this declaratory judgment action to determine its rights and obligations under a policy it wrote to cover a fleet of trucks leased by Mannes Trucking. Hitts was driving for Mannes Trucking at the time of the accident. A trailer hooked up to Hitts's truck was also involved in the accident. Defendant Broad contends in the underlying litigation that Amerisure insured the trailer, which was owned by Ron Hitts Trucking. Because the actual truck driven by Hitts was not listed on the policy, Lancer argues that the accident did not involve a vehicle covered by its policy. Therefore, Lancer claims it has no duty to defend or indemnify Hitts as to any potential judgment.

Amerisure contends that to the extent it is found to have any coverage liability in the personal injury suit, it may have claims for contribution or subrogation against third-party defendants Mannes Trucking and Lancer. As such, Amerisure argues that it has an interest in the outcome of the declaratory judgment action. Specifically, Amerisure along with Defendant Broad points to the federal endorsement--or MCS-90--contained in the Lancer Policy. The endorsement requires that Lancer pay any final judgment up to the policy limit recovered against its insured for public liability resulting from the negligent use of "motor vehicles" whether or not the policy individually identifies each vehicle. Defendant Broad has already responded to Lancer's Motion for Summary Judgment.

## DISCUSSION

A. <u>Intervention as a Matter of Right</u>

Rule 24(a)(2) provides that:

(a) [u]pon timely application, anyone shall be permitted to intervene in an action

    (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2).

Thus, intervention as a matter of right under Rule 24(a)(2) is appropriate only when an applicant 1) files a timely motion; 2) asserts an interest relating to the property or transaction that is the subject of the action; 3) is so situated that without intervention the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and 4) has an interest not adequately represented by the other parties. Fed. R. Evid. 24(a)(2); <u>Georgia v. U.S. Army Corps of Engineers</u>, 2002 WL 1906593 *4 (11th Cir. 2002); <u>United States v. City of Miami</u>, 278 F.3d 1174, 1178 (11th Cir. 2002) (citing <u>Chiles v. Thornburgh</u>, 865 F.2d 1197 (11th Cir. 1989)). A party seeking to intervene as a matter of right must establish all four of the above requirements. A proposed intervenor's interests in an action "need not, however, be of a legal nature identical to that of the claims asserted in the main action." <u>Chiles</u>, 865 F.2d at 1214. Amerisure has met its burden of establishing the grounds for intervention as a matter of right.

Amerisure has an interest related to the insurance contract that is the subject matter of the declaratory action. A finding by this Court that the Lancer policy did not cover the truck

3

involved in the accident with Broad could adversely impact Amerisure's position in the underlying personal injury suit both financially and legally. Such a finding would impact Amerisure's financial exposure with respect to any shared liability with Lancer that may otherwise have arisen in the underlying litigation. Thus, as opposed to a general grievance, the interest here is direct, substantial, and particularized. Chiles, 865 F.3d at 1213.

In addition, the outcome of this declaratory judgment action may foreclose legal arguments and remedies, such as those for contribution and subrogation, that may otherwise be available to Amerisure in the underlying litigation. The interest, therefore, is more than economic and is legally protectable as deriving from legal rights available to Amerisure in the substantive law. Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc., 425 F.3d 1308, 1311 (11th Cir. 2005); United States v. South Fla. Water Mgmt. Dist., 922 F.2d 704, 710 (11th Cir.1991). As such, Amerisure's interest is so situated that without intervention the outcome of the declaratory action could impair or impede Amerisure's ability to protect its interest.

Amerisure's interests are not adequately represented by Defendant Broad, because Broad is suing Amerisure in the underlying litigation. The proposed intervenor's burden to show that his interests may be inadequately represented is minimal. See Trbovich v. United Mine Workers of America, 404 U.S. 528, 538 (1972). While Amerisure and Broad may take a similar legal position in the declaratory judgment action, their ultimate objectives in the underlying litigation are completely adverse. Thus, Amerisure's interests may not be adequately represented by Broad and Amerisure must be allowed to intervene.

There is the added likelihood that Amerisure may also seek declaratory judgment to ascertain its legal rights and obligations under the insurance policy that Defendant Broad contends was issued for the trailer involved in the underlying litigation. Defendant Broad and

4

Amerisure *would* take materially adverse positions in that action. Allowing Amerisure to intervene now, therefore, will make the overall litigation proceed more efficiently because the Court will have the opportunity to resolve these related insurance contract disputes together. See Federal Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist., 983 F.2d 211, 216 (11th Cir. 1993) ("Any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action.").

Amerisure filed this motion shortly after having become aware of the declaratory judgment action. Since Lancer's Motion for Summary Judgment was not yet ripe for review, the intervention of Amerisure poses little delay to the parties or this Court. As such, Amerisure's motion for intervention is timely filed.

Amerisure has, therefore, met all of the requirements for intervention as of right. In addition, Amerisure surpasses the standard for permissive intervention.

B. <u>Permissive Intervention.</u>

A party seeking to intervene under Rule 24(b) must show that: 1) its application is timely; and 2) its claim or defense and the main action have a question of law or fact in common. Fed. R. Civ. P. 24(b)(2). In determining whether to permit a party to intervene, the Court must consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Id.

In considering whether the application to intervene is timely, the Court must consider four factors: 1) the length of time during which the proposed intervenor knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; 2) the degree of

prejudice to the existing parties as a result of the proposed intervenor's failure to move to intervene as soon as it knew or reasonably should have known of its interest; 3) the extent of prejudice to the proposed intervenor if its position is denied; 4) the presence of unusual circumstances militating either for or against a determination that the application is timely. See Walker v. Jim Dandy Co., 747 F.2d 1360, 1365 (11th Cir. 1984) (citing Stallworth v. Monsanto Co., 558 F.2d 257, 264-66 (5th Cir. 1977)). The question of whether an application is timely is largely entrusted to the district court's discretion. Reeves v. Wilkes, 754 F.2d 965, 968 (11th Cir. 1985).

As noted above, Amerisure attests that it filed this Motion to Intervene shortly after having become aware of the declaratory action and immediately following Lancer's Motion for Summary Judgment. Since the Motion for Summary Judgment is not yet ripe for review by the Court, the litigation remains at an early stage and the timing of Amerisure's intervention will not substantially delay the adjudication of the rights of the original parties. Cf. Diaz v. Southern Drilling Corp., 427 F.2d 1118, 1125-26 (5th Cir. 1989) (motion to intervene timely filed even after discovery completed over one year into litigation where motion would not delay overall litigation process because no legally significant proceedings had taken place) cert. denied, 400 U.S. 878 (1970). To further limit any delay, Amerisure has filed a provisional Response to Lancer's Motion for Summary Judgment. As such, Amerisure's Motion to Invervene is timely filed, and intervention by Amerisure will not unduly delay the proceedings.

In addition, there is little risk of prejudice to the original parties. Lancer does not oppose Amerisure's intervention. Adding Amerisure as a third-party defendant will bring additional resources to the task of defending this action, which would only seem to aid Defendant Broad in opposing Lancer's legal position. Intervention poses little risk of legal prejudice to either party,

therefore, despite any strategic objectives with respect to the underlying litigation that Defendant Broad may have for objecting to Amerisure's Motion. On the other hand, Amerisure could be prejudiced if not allowed to intervene because an adverse finding in the declaratory judgment action would potentially expand its liability and limit its available remedies in the underlying litigation.

A final consideration for permissive intervention under Rule 24(b)(2) is that the proposed intervenor must have a claim or defense which shares a common question of law or fact with the underlying action. Fed. R. Civ. P. 24(b)(2). Rule 24(b)(2) "plainly dispenses with any requirement that the intervenor shall have a direct or pecuniary interest in the subject of the litigation." SEC v. U.S. Realty & Imp. Co., 310 U.S. 434, 459 (1940). Thus, the claim or defense clause of Rule 24(b)(2) is generally given a liberal construction. See Stallworth v. Monsanto Co., 558 F.2d 257, 269 (5th Cir. 1977) (citations omitted). Permissive intervention only "requires an interest sufficient to support a legal claim or defense." Laube v. Campbell, 215 F.R.D. 655, 659 (N.D. Ala. 2003) (citing Diamond v. Charles, 476 U.S. 54, 77 (1986)).

As fully discussed in the previous section, Amerisure's defense to the declaratory action aligns both in law and fact with the current subject matter in dispute: whether insurance coverage exists for Defendant Broad's alleged injuries under the Lancer policy. Moreover, Amerisure brings a new legal perspective to the suit since it is adverse to Defendant Broad in the underlying litigation. Finally, intervention will allow the parties and the Court to adjudicate all potential contract disputes under these insurance policies together, which will lead to greater consistency and efficiency. Amerisure has thus shown both a defense and potential claim–in the event it files its own corresponding declaratory action–with common questions of law and fact to the original suit. This showing merits permissive intervention.

C. <u>Consolidation.</u>

The Court may consolidate actions that involve a common question of law of fact. Fed. R. Civ. P. 42(a). The power to consolidate "vests a purely discretionary power in the court." <u>Young v. City of August</u>, 59 F.3d 1160, 1168 (11th Cir. 1995). The Court finds intervention to be more appropriate than consolidation in this case.

The declaratory action and the underlying litigation involve different law. The former involves pure contract interpretation; the latter, tort liability. In addition, the two cases are not in the same procedural posture. Discovery is complete and a motion for summary judgment is pending in the declaratory action; whereas, discovery is ongoing in the underlying litigation. As such, consolidation will not create greater efficiencies of scale because the two matters will still proceed on different timetables.

**CONCLUSION**

For the reasons explained above, the Court finds intervention to be the appropriate remedy at this time. Amerisure has carried the burden for both intervention as of right and permissive intervention. Accordingly, Amerisure's Motion to Intervene is hereby **GRANTED**.

**SO ORDERED,** this 22nd day of July, 2010..

<u>S/ C. Ashley Royal</u><br>
C. ASHLEY ROYAL, JUDGE<br>
UNITED STATES DISTRICT COURT

THC/chw